UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TINA JAECKLE,

    Plaintiff,

v.                                                  Case No. 3:19-cv-1323-J-32MCR

FLAGLER COLLEGE, INC.,

    Defendant.

## **O R D E R**

This employment retaliation case is before the Court on Defendant Flagler College, Inc.'s Motion to Strike or Alternatively, to Dismiss Plaintiff's Claim for Punitive Damages (Doc. 38), Flagler's Amended Motion for Protective Order (Doc. 42), and Plaintiff Tina Jaeckle's Motion for Extension of Time to Complete Discovery and to Extend All Deadlines (Doc. 49).[1] The Court held a hearing on the motions on August 20, 2020, the record of which is incorporated by reference. The Court ruled from the bench on the Amended Motion for Protective Order (Doc. 42) and the Motion for Extension (Doc. 49), taking under

---

[1] Jaeckle also provided a Supplement to the Motion to Extend Deadlines (Doc. 50), indicating that the motion was unopposed by Flagler.

advisement the Motion to Strike (Doc. 38) regarding punitive damages under Title IX.

The Court previously granted Jaeckle's request to amend her complaint to add a prayer for punitive damages. (Doc. 36). However, Flagler now raises the issue again in its motion to strike punitive damages from the Second Amended Complaint, and the matter is therefore ripe for decision.

Under Federal Rule of Civil Procedure 12(f), the Court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" on its own or by motion of either party. Fed. R. Civ. P. 12(f). A motion to strike serves "to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." Hodge v. Orlando Utilities Comm'n, 6:09-cv-1059-ORL-19DAB, 2009 WL 4042930, at *4 (M.D. Fla. Nov. 23, 2009) (citing McInerney v. Moyer Lumber & Hardware, Inc., 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002)). While motions to strike are generally disfavored and should not be used to determine disputed questions of fact or disputed and substantial questions of law, Geisinger v. Armstrong World Indus., Inc., No. 90—872-CIV-SPELLMAN, 1990 WL 120749, at *2 (S.D. Fla. Aug. 10, 1990) (citing Augustus v. Bd. of Pub. Instruction of Escambia Cty., 306 F.2d 862, 868 (5th Cir. 1962)), "a prayer for relief not available under the applicable law is properly subject to a motion to strike." Id. (citing 2 Moore's

Federal Practice ¶ 12.37[3] (3d ed. 2009)). Motions to strike can be a useful vehicle to determine the legal propriety of a punitive damages claim.[2]

In 2002, the Supreme Court in Barnes v. Gorman decided that "[b]ecause punitive damages may not be awarded in private suits brought under Title VI of the 1964 Civil Rights Act, it follows that they may not be awarded in suits brought under § 202 of the ADA and § 504 of the Rehabilitation Act." 536 U.S. 181, 189 (2002). Months later, the Fourth Circuit extended the logic of Barnes to conclude that punitive damages were not available under Title IX in an action by a student against Duke University for persistent gender discrimination. Mercer v. Duke Univ., 50 Fed. App'x 643 (4th Cir. 2002). The Mercer Court stated that "Title IX . . . is also modeled after Title VI and is interpreted and applied in the same manner at Title VI." Id. at 644.

In the wake of Barnes and Mercer, district courts across the country have held that punitive damages are not allowed in private actions under Title IX. Doe v. Sch. Bd. of Miami-Dade Cty., 403 F. Supp. 3d 1241, 1268-69 (S.D. Fla. 2019) ("In the absence of binding precedent to the contrary, the Court adopts Mercer's reasoning as the Court's own."); Sadeghian v. Univ. of S. Alabama, No. CV 18-00009-JB-B, 2018 WL 7106981, at *20 (S.D. Ala. Dec. 4, 2018), report and recommendation adopted, No. CV-18-00009-JB-B, 2019 WL 289818 (S.D.

---

[2] In any event, Defendant alternatively moves to dismiss the punitive damages claim. (Doc. 38).

Ala. Jan. 22, 2019) (granting motion to dismiss to the extent that plaintiff sought punitive damages under Title IX); Ayala v. Omogbehin, No. CV-H-16-2503, 2016 WL 7374224, at *4 (S.D. Tex. Dec. 20, 2016) ("Although it is correct that damages are recoverable, it is clear that punitive damages are not recoverable under Title IX."); Benacquista v. Spratt, 217 F. Supp. 3d 588, 607 (N.D.N.Y. 2016) (finding that punitive damages were not recoverable against a school district or school board); Minnis v. Bd. of Sup'rs of Louisiana State Univ. & Agric. & Mech. Coll., 972 F. Supp. 2d 878, 889 (M.D. La. 2013) (granting motion to dismiss insofar as complaint sought punitive damages under Title IX); Alston v. N. Carolina A & T State Univ., 304 F. Supp. 2d 774, 784 (M.D.N.C. 2004) (dismissing claims for punitive damages for alleged violations of Title IX). Jaeckle does not cite any authority following Barnes that allows for punitive damages under Title IX. (See Doc. 46).³ While the Eleventh Circuit has not directly addressed the issue, it has commented on the relationship among the Rehabilitation Act, Title VI, and Title IX:

> [T]he three statutes share the same Constitutional foundation: Congress enacted all three pursuant to its powers under the Spending Clause, U.S. Const., art. I, § 8, cl. 1. As the Supreme Court has noted, Spending Clause legislation is analogous to a contract between the federal government and recipients of federal funds . . . . Accordingly, the Court has applied the same contract-

---

³ Jaeckle relies heavily on the pre-Barnes decision of Canty v. Old Rochester Reg'l Sch. Dist., 66 F. Supp. 2d 114 (D. Mass. 1999), but its vitality was sapped by Barnes and Mercer.

> law analogy to define the scope of private damages remedies available under the RA, Title VI, and Title IX.

Liese v. Indian River Cty. Hosp. Dist., 701 F.3d 334, 347 (11th Cir. 2012). This makes it seem likely that the Eleventh Circuit would follow the reasoning of Barnes and Mercer and hold that a private Title IX action would not authorize a punitive damages claim.

Jaeckle attempts to draw a distinction between actions in which students bring Title IX discrimination claims against institutions and actions in which former employees bring Title IX retaliation claims against their former employers. (Doc. 46 at 6-9). She argues that in the context of retaliation claims, Title IX is more akin to Title VII of the Civil Rights Act of 1964, which allows for punitive damages in private actions against private employers. Id. It is true that Title VII's liability framework governs Title IX retaliation claims. See Doe v. Mercy Catholic Med. Ctr., 850 F.3d 545, 564 (3d Cir. 2017) ("Title VII's familiar retaliation framework 'generally governs' Title IX retaliation claims."). However, liability and remedies are different matters. Available remedies are broader under Title VII than Title IX because Congress has specifically authorized punitive damages in cases of intentional employment discrimination under Title VII. 42 U.S.C. § 1981(b)(1); Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 534 (1999) ("With the passage of the 1991 [Civil Rights] Act, Congress provided for additional remedies, including punitive damages, for certain

5

classes of Title VII and ADA violations.") Congress has not statutorily authorized punitive damages under Title IX. Thus, the available remedies under Title IX mirror those of Title VI rather than those of Title VII.

Following <u>Barnes</u>, <u>Mercer</u>, and <u>Liese</u>, and in the absence of authority allowing punitive damages in a private action under Title IX, the Court strikes Jaeckle's punitive damages claim from Count II of the Second Amended Complaint (Doc. 37).[4]

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Motion to Strike or Alternatively, to Dismiss Plaintiff's Claim for Punitive Damages (Doc. 38) is **GRANTED**. Plaintiff's prayer for punitive damages in Count II of the Second Amended Complaint (Doc. 37 at 12) is stricken. Defendant should file an answer to Plaintiff's Second Amended Complaint (Doc. 37) no later than **September 17, 2020**.

2. Defendant's Amended Motion for Protective Order (Doc. 42) is **GRANTED in part**, to the extent stated on the record at the August 20, 2020 hearing, and is otherwise **DENIED**. Because the Court is authorizing virtual

---

[4] Flagler also argues that Jaeckle's factual allegations fail to support entitlement to punitive damages. (Doc. 38). The Court need not address that argument after finding that punitive damages are not available under Title IX.

depositions at Defendant's request, it expects Defendant to be flexible and responsive in the scheduling of depositions.

3. Plaintiff's Motion for Extension of Time to Complete Discovery and to Extend All Deadlines (Docs. 49, 50) is **GRANTED in part**, to the extent stated on the record at the August 20, 2020 hearing, and is otherwise **DENIED**. By separate Order, the Court will issue an amended Case Management and Scheduling Order.

**DONE AND ORDERED** in Jacksonville, Florida the 25th day of August, 2020.

*[signature]*

TIMOTHY J. CORRIGAN
United States District Judge

tnm
Copies:

Counsel of record